EBERLY *v.* EBERLY

[No. 170, September Term, 1968.]

*Decided April 7, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, SINGLEY and SMITH, JJ.

*William J. Dwyer* for appellant.

*John H. Urner* and *Daniel W. Moylan,* with whom were
*Bushong, Byron, Moylan & Urner* on the brief, for appellee.

PER CURIAM:

This is an appeal by the husband from a decree of the Cir-
cuit Court for Washington County granting the wife a divorce
*a mensa et thoro* on the ground of desertion and dismissing the
husband's cross bill of complaint for divorce *a mensa et thoro*
on the ground of constructive desertion.

Examination of the record reveals that the appeal was filed
May 9, 1968. The decree was dated May 7, 1968, but not filed
until May 10, 1968. The relevant docket entries are:

"5/8/68 Argument and Memorandum of Law for the
Defendant and Cross-Plaintiff filed. Supple-
mental Memorandum filed. Legal Memoran-
dum of the Plaintiff filed. Supplemental
Memorandum filed.

"5/9/68 Order for Appeal to the Court of Appeals
of Maryland filed.

"5/10/68 Decree dated May 7, 1968, divorcing the
Plaintiff A Mensa Et Thoro from the Defen-

dant and Dismissing the Defendant's Cross-Bill of Complaint filed May 10, 1968."

Under Maryland Rule 812 a an appeal must be filed within thirty days from the date of the judgment appealed from. In *Pocock v. Gladden,* 154 Md. 249, 140 A. 208 (1928) our predecessors said:

"[I]n order that the question may be set at rest for the future, it is our opinion that the date of a decree, in contemplation of [the rules] relating to the time within which appeals from decrees or orders of courts of equity shall be taken, is that date upon which the decree becomes effective and binding, which can only be that date upon which it is filed and becomes a part of the public record of the case. It requires no authority to support this conclusion, as otherwise a court could sign a decree, and by inadvertence retain it in his possession until after the time allowed for appeal therefrom had passed. There is nothing binding in the decree of the court until it is filed, for the simple reason that until it is filed the court could alter or destroy it entirely and substitute some other in its place." *Id.* at 253-54.

See also *Kennedy v. Foley,* 240 Md. 615, 214 A. 2d 615 (1965). An appeal may only be taken from a final judgment. *Merlands Club v. Messall,* 238 Md. 359, 208 A. 2d 687 (1965). In *Md., Del. & Va. Rwy. Co. v. Johnson,* 129 Md. 412, 99 A. 600 (1916) our predecessors held that where the order for appeal was taken five days before judgment was entered the appeal was premature since no judgment existed at the time of appeal.

The appeal is dismissed under Rule 812 a and Rule 835. Had we decided the case on its merits, the decree appealed from would have been affirmed.

*Appeal dismissed; costs to be paid by appellant.*