## SILVERMAN ET UX. *v.* NATIONAL LIFE INSURANCE COMPANY

[No. 375, September Term, 1968.]

*Decided October 9, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Edward L. Genn,* with whom was *Benjamin B. Brown* on the brief, for appellants.

*John C. Joyce,* with whom were *Duckett, Orem, Christie & Beckett* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We are here concerned with the propriety of a summary judgment entered in a proceeding in the Circuit Court for Montgomery County in which appellants, Jerome Silverman and Greta Silverman, (Silverman) were defendants and appellee, National Life Insurance Company, (National Life) was plaintiff. We shall dismiss the appeal as prematurely taken.

National Life filed a suit in the Circuit Court for Montgomery County on a guaranty agreement, executed by Silverman, guaranteeing payment of a note in the amount of $1,300,000.00 of a District of Columbia limited partnership known as Carroll Arms Associates in which Mr. and Mrs. Silverman were partners. Liability under the guaranty was limited to $400,000.00.

National Life's declaration had appended to it a motion for summary judgment and an affidavit in the usual form. Silverman filed a counterclaim which incorporated by reference the complaint they filed in the District of Columbia against National Life. That complaint was relative to the foreclosure proceeding filed by National Life in the District of Columbia under the deed of trust securing payment of the note guaranteed by Silverman. The District of Columbia complaint attacked the foreclosure proceeding on technical grounds relative to notice and deposit, claimed "substantial usurious transactions" between the parties "which bar [National Life] from equitable relief, and which otherwise warrant the enjoining and prevention of the * * * foreclosure action", and claimed that any foreclosure action or proceeding would be "illegal, wrongful, fraudulent, malicious, and as a result of a conspiracy". After incorporating their District of Columbia claim by reference, the Silverman counterclaim in this action claimed that National Life's District of Columbia foreclosure action was "brought willfully and wrongly" and claimed that it constituted a "malicious abuse of process, malicious prosecution, and malicious use of process". Silverman sought

compensatory damages of $5,000,000.00 and punitive damages of $3,000,000.00 in the counterclaim.

Judge Shearin, in the Circuit Court for Montgomery County, granted National Life's motion for summary judgment, and entered judgment *nisi* in favor of National Life against Silverman in the amount of $400,-000.00 on November 15, 1968. Thereafter, Silverman moved for reconsideration of the granting of summary judgment, and National Life moved for summary judgment on the counterclaim. On December 6, Judge Shearin passed an order overruling Silverman's motion for reconsideration of the granting of summary judgment and Silverman's motion for stay of judgment. Thereupon, judgment was entered in favor of National Life. The next docket entry thereafter dated December 6, 1968, is:

"Motion for Summary Judgment granted and Judgment entered for the sum of Four Hundred Thousand and no/100 Dollars ($400,000.-00) current money with interest from December 6, 1968 and costs."

Maryland Rule 605 a provides:

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

In this case there was no disposition of the counterclaim. Significantly, on December 10, four days after the entry of the judgment of $400,000.00, Silverman filed opposition to National Life's motion for summary judgment on the Silverman counterclaim, and the same day filed a motion to remove the cause. On December 20 an order of removal to Dorchester County was signed. When Silverman filed this appeal on December 31 a motion was made orally to delay the mailing of the record to the Circuit Court for Dorchester County, and an order was passed authorizing the delay to perfect this appeal.

In the absence of an express determination that there was no just reason for delay and an express direction for the entry of a judgment, the judgment entered would not be subject to appeal at this time. Maryland Rules 5 o, 605 a and 812; *Eberly v. Eberly,* 253 Md. 132, 134, 251 A. 2d 900 (1969); *Merlands Club v. Messall,* 238 Md. 359, 361, 208 A. 2d 687 (1965). The counterclaim of Silverman quite obviously was here left open. Cf. *Funger v. Mayor of Somerset,* 244 Md. 141, 149, 223 A. 2d 168 (1966).

*Appeal dismissed; appellants to pay the costs.*