## SCHAFER, ET UX. *v.* BERNSTEIN, ET UX.

[No. 82, September Term, 1969.]

*Decided December 23, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Thomas Penfield Jackson,* with whom were *Jackson, Gray & Laskey* on the brief, for appellants.

*Edwin Collier,* with whom were *Collier & Shaffer* on the brief, for appellees.

PER CURIAM.

The appellees-plaintiffs filed an action in equity in the Circuit Court for Montgomery County, titled a "Complaint for Declaratory Judgment — to Determine That Right of Way Was Extinguished by Tax Sales and/or

Abandonment." The purpose of the bill was to have the court decree that appellees held title to certain property free and clear of a right of way created in 1911, 15 feet wide and 108.62 feet in length, by virtue of its having been extinguished by either one or both of two tax sales in 1926 and 1938. It is unnecessary to recite in detail the chain of title and narrate the history that led to the ultimate acquisition of the property by the appellees. It suffices for the purpose of this opinion to point out that the appellants-defendants, owners of the dominant tenement, filed an answer and counterclaim setting up a defense by way of adverse usage. Both parties moved for a summary judgment, upon which motions the Court gave the following ruling, in pertinent part:

> "* * * [I]t is the conclusion of the Court that the motion of the plaintiffs for summary judgment under Rule 610 should be granted, and that the cross-motion of the defendants for summary judgment should be denied.
>
> This leaves for consideration the question of the abandonment or withdrawal of count 2, action upon which has heretofore been deferred by the Court. It is the Court's conclusion that the motion of the plaintiffs to withdraw count 2 should be granted. We think that this is a matter of right so far as the plaintiffs are concerned.
>
> This leaves necessarily for consideration and determination the motion of the defendants for leave to amend the answer and counterclaim in order to assert a right to the easement question by virtue of adverse user. It seems in order for the defendants to assert this claim it must be asserted by way of counterclaim rather than by answer, inasmuch as it is essentially a response to the abandonment provisions of count 2.
>
> At all events, we feel certainly on the basis of representations made by plaintiffs' counsel

during the course of argument this morning there is no objection on the part of the plaintiffs to the continuation of this case at least for the proceedings to go forward on the basis of the defendants' claim of adverse user.

It would seem that the logical and orderly procedure would dictate that the matter go forward on that basis, on the basis of an amendment to the counterclaim.

\* \* \*

The Court will request counsel for the plaintiffs to submit a form of order, upon notice to counsel for the defendants, wherein it is ordered that the motion for summary judgment under count 1 is granted and the cross-motion for summary judgment of the defendants under count 1 is denied; and further providing that the defendants have leave to file an amended counterclaim in this cause within 20 days if this is sufficient time, and this counsel can agree to."

The appellants subsequently and timely filed another counterclaim setting up adverse usage to which appellees made answer.

The appellants then appealed from the lower court's granting of the appellees-plaintiffs' motion for summary judgment and after briefs were filed in this Court, the appellants moved to remand the case for further proceedings on the basis of *Silverman, et ux v. National Life Insurance Company,* 255 Md. 148, 257 A. 2d 156 (1969).

We think the appeal should be dismissed as being prematurely taken. "There was a judgment in this case which adjudicated less than all of the claims arising out of the same cause of action; however, there was no express determination that there was no just reason for delay in rendering judgment." *Harkins v. August,* 251 Md. 108, 111, 246 A. 2d 268 (1968).[1] The unresolved

---

1. This is not to say that final judgment cannot be rendered on

issue presented by the counterclaim and the failure of the lower court in rendering judgment for the appellees to make an express determination that there was no just reason for delay in rendering the judgment, brings the appeal within the teeth of Rule 605 a, which under the circumstances renders the appeal premature. See *Fletcher, et al v. National Brewing Co.,* 255 Md. 580, 258 A. 2d 410 (1969); *Silverman v. National Life Insurance Company, supra; Harkins v. August, supra.*

*Appeal dismissed, appellants to pay costs.*

one or more and less than all of the claims in an action, where more than one claim for relief is presented on the same cause of action; however, where final judgment is given in such instances, on one or more but less than all of the claims, the court in rendering judgment must make an express direction for entry of judgment and an express determination that there is no just reason for delay in rendering the judgment or judgments. Maryland Rule 605 a.