HARLOW, ET AL. *v.* BLOCHER, Administrator
of the Estate of Judith Ann Schrott

[No. 209, September Term, 1969.]

*Decided February 11, 1970.*

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, SMITH and DIGGES, JJ.

*Barnard T. Welsh,* with whom were *Welsh & Tennery*
and *Elizabeth Tennery* on the brief, for Milton Harlow,
Marion Harlow, and Linda C. Harlow, part of appel-
lants; submitted on brief by *Edward C. Bell* and *Hugh
L. Reilly* for Cecil Thomas King and Ruth Ann King,
minor, other appellants.

**2**

*Richard B. Latham,* with whom were *McInerney, Latham & Layne* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

We have here a case in which the suit below may have been instituted too late but the appeal certainly was taken too soon.

As a result of a two-car collision on April 15, 1966, the driver of one car died and the passenger in that car suffered severe injuries. An administrator of the driver's estate was appointed on September 9, 1966, and the passenger sued the administrator and the driver and the owner of the other car. The suit was filed on February 14, 1969, two years and ten months after the accident and some two years and five months after the qualification of the administrator.

Code (1957), Art. 93, § 112, as it read before June 1966, in parts here pertinent, authorized suit against the estate of a decedent with the proviso that an action for injuries to the person must be brought "within six calendar months after the date of the qualification of the executor or administrator of the testator or intestate." By Ch. 642 of the Laws of 1966, effective June 1, 1966, the legislature amended § 112 to provide, among other things, that in the event the deceased was covered by an insurance policy suit could be instituted "after the expiration of six months but within the statute of limitation" (the recovery to be limited to the amount of the available insurance).

Since, in the present case, the accident occurred before June 1, 1966, and the administrator qualified after that date and suit was filed after six months from the time of qualification, but within three years thereof, an important issue became whether suit had been timely filed. Another issue became whether the claim agents of the deceased driver's insurance company and the claim agents of the insurer of the driver and the owner of the other

car had effectively waived the need to timely file suit and were estopped to claim that it had been filed late.

The administrator moved for a summary judgment. Judge Levine on July 7, 1969, pursuant to Maryland Rule 610, ordered:

> "that the said Motion for Summary Judgment be, and the same is hereby, partially granted to the extent that Article 93, Section 112 of the Annotated Code of Maryland, as it existed prior to June 1, 1966, is controlling in this case on the issue of whether the action was brought timely; and it is further
>
> "ORDERED, that pursuant to Maryland Rule 501a, a hearing or trial be held, prior to any trial on the merits herein, for the purpose of determining the issue of whether there has been an estoppel and/or waiver of the time limitations contained in the aforesaid Article 93, Section 112."

The passenger, and the driver and the owner of the other car all appealed to this Court. We think the appeals must be dismissed. *Silverman v. National Life Ins. Co.*, 255 Md. 148, 150-151; *Schafer v. Bernstein*, 256 Md. 218, 260 A. 2d 57 (1969). In *Silverman*, the Court granted summary judgment for the plaintiff but left open decision on a counterclaim. We dismissed the appeal, saying:

> "Maryland Rule 605 a provides:
>
> 'Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, how-

4

ever designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.'

"In this case there was no disposition of the counterclaim. * * *.

"In the absence of an express determination that there was no just reason for delay and an express direction for the entry of a judgment, the judgment entered would not be subject to appeal at this time. Maryland Rules 5 o, 605 a and 812; *Eberly v. Eberly*, 253 Md. 132, 134, 251 A. 2d 900 (1969) ; *Merlands Club v. Messall*, 238 Md. 359, 361, 208 A. 2d 687 (1965). The counterclaim of Silverman quite obviously was here left open. Cf. *Funger v. Mayor of Somerset*, 244 Md. 141, 149, 223 A. 2d 168 (1966)."

In the case before us Judge Levine made no express determination that there was no just reason for delay, and did not decide the issue as to waiver and estoppel.

In dismissing the appeal we are not to be understood as approving as correct the decision that § 112 of Art. 93 of the Code as it stood before June 1, 1966, rather than that section as it read after June 1, controlled the case.

*Appeal dismissed, with costs.*