## ARTENO *v.* ARTENO

[No. 270, September Term, 1969.]

*Decided March 5, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Robert J. Flynn* for appellant.

*Martin H. Freeman,* with whom were *Sasscer, Clagett, Powers & Channing* on the brief, for appellee.

PER CURIAM.

On June 21, 1967, the parties to this proceeding, then being husband and wife, entered into an agreement providing for certain payments to be made to the wife "for support and maintenance of herself and the infant children of the marriage", the children being described in the agreement as 17 and 15 years of age. When payments were not made in accordance with what she understood to be the terms of the agreement, the wife instituted an action at law in the Circuit Court for Prince George's County to recover the alleged arrearages. She also prayed for a declaratory judgment.

On August 15, 1969, Chief Judge Digges, after an earlier argument on motion for summary judgment, passed an order entering judgment in the amount of $3943.66 in favor of the wife against the husband. In the same order he denied the motion for summary judgment under the sixth count which had prayed for the declaratory judgment stating, "[T]he claim therein to be litigated as permitted by law." The matter relative to declaratory judgment was heard on September 4 before Judge Meloy. The docket entry states:

> "Order and Oral Opinion to be transcribed by Reporter and submitted to the Court for signature."

On September 10 the husband filed a motion "to revise the Judgment obtained * * * on September 4, 1969". On September 12 he entered an appeal to this Court. The oral opinion of the court given on September 4 was signed and filed on September 15.

We do not consider appeals on a piecemeal basis. In *Silverman v. National Life Ins. Co.,* 255 Md. 148, 150,

257 A. 2d 156 (1969), we quoted from Maryland Rule 605 a which provides in pertinent part:

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

See also *Harlow v. Blocher*, 257 Md. 1, 262 A. 2d 58 (1970).

The judgment entered August 15 by its express provisions left open the matter of the declaratory judgment. There was no express determination that there was no just reason for delay. Therefore, it was not a final judgment. Accordingly, there could be no appeal from it.

The oral opinion of Judge Meloy from the bench on September 4 was not a final judgment. There could be no appeal from that. If the signed opinion of Judge Meloy were treated as the declaratory judgment in this matter, then the appeal is prematurely taken since the appeal was filed prior to the filing of the declaratory judgment. In *Md., Del. & Va. Rwy. Co. v. Johnson*, 129 Md. 412, 99 A. 600 (1916), our predecessors held that where the order for appeal was taken five days before judgment was entered, the appeal was premature since no judgment existed at the time of appeal. In *Merlands Club v. Messall*, 238 Md. 359, 208 A. 2d 687 (1965), the order for appeal was filed three days after the entry of the judgment *nisi*

and one day before the entry of the judgment absolute. The appeal was dismissed since there was no order of appeal entered within 30 days after the entry of the judgment absolute.

This appeal must be dismissed since it is not an appeal from a final judgment. Had we decided the case on its merits, we would have affirmed the action of the trial court.

*Appeal dismissed; costs to be paid by appellant.*