## PICKING *v.* STATE FINANCE CORPORATION

[No. 336, September Term, 1969.]

*Decided April 6, 1970.*

*Motion to rescind dismissal filed April 27, 1970; denied May 4, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

Ida M. Picking in proper person.

*Walter I. Seif,* with whom were *Oscar W. Zenitz* and *Zenitz & Seif* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This is an appeal by the plaintiff Ida M. Picking, from the action of the Circuit Court for Baltimore County, Turnbull, J., granting summary judgment in favor of State Finance Corporation, one of three defendants.

Mrs. Picking, an attorney, by the first count of her amended declaration claimed compensatory and punitive damages for trespass because of the storing of a Ford automobile on a portion of her property located in Arbutus, Maryland. By her affidavit filed in the proceedings appellant states the Ford was initially sold by Joe Judge, a neighborhood automobile dealer, to Ralph Bennett Taylor and that when Taylor defaulted in the deferred payments Judge repossessed the automobile. He caused it to be placed on Mrs. Picking's property either by his son or by one of his salesmen, Melvin A. Yates. At the time Yates was renting a small apartment from appellant on her Arbutus property. The pleadings further show Taylor borrowed from State Finance $1320 as evidenced by a note dated June 5, 1963. When the debt was not paid State Finance obtained a judgment against Taylor in the Superior Court for Baltimore City. This judgment was eventually paid and State Finance mailed Taylor an order of satisfaction. No chattel mortgage or other security document was executed creating a lien on the automobile in favor of State Finance. However, on Taylor's applica-

tion to the Commissioner of Motor Vehicles for transfer of title he noted State Finance has a chattel mortgage dated June 5, 1963, securing an indebtedness of $1320. This notation does not create a lien on the Ford as the Department of Motor Vehicles is "not a record office for the recording of liens" and a statement on a title application does not create such a lien. *Auto. Accep. Corp. v. Univ. Corp.*, 216 Md. 344, 139 A. 2d 683 (1959).

This Court raises sua sponte (Maryland Rule 835 a 2) the issue of whether appellant had a right of appeal from the order of the trial court granting summary judgment. The record discloses Mrs. Picking claimed damages under the first count for trespass committed by co-defendants Judge, Yates and State Finance, alleging they had placed the automobile on her property, and by the second count she asserted a claim in trespass solely against Yates for his destruction of the attic in the apartment he rented from her.

Rule 605 a provides:

"Where more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order* or other form of decision, however designated, *which adjudicates less than all of the claims shall not terminate the action as to any of the claims,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

In *Durling v. Kennedy,* 210 Md. 549, 554, 123 A. 2d 878 (1956), *Parish v. Milk Producers Assn.,* 250 Md. 24, 98, 242 A. 2d 512 (1968), and again in *Harkins v. August,* 251 Md. 108, 111, 246 A. 2d 268 (1968), we stated:

"The purpose of this rule, which is identically the same as Rule 54 (b) of the Federal Rules of Civil Procedure, is to prevent piecemeal appeals as far as possible, and thereby avoid the confusion, delay and expense which would be caused by having two or more appeals in the same suit."

In the instant case the summary judgment adjudicated less than all of the claims as no judgment was entered either for or against Judge and Yates and there was neither an *express determination* that there was no just reason for delay nor an *express direction* for the entry of judgment for costs. We conclude that as the case now reaches us Rule 605 a dictates that the summary judgment in favor of State Finance leaving unadjudicated the claims against the codefendants Yates and Judge is in effect an interlocutory judgment as to State Finance, with no right of appeal now existing. *Silverman v. National Life Ins. Co.*, 255 Md. 148, 257 A. 2d 156 (1969). We reached a similar conclusion in *Parish v. Milk Producers Assn.*, 250 Md. 24, 97, 98, 242 A. 2d 512 (1968), where Judge Barnes, speaking for the Court stated:

"Where multiple claims are involved, as in the case at bar, it is required by Rule 605 a that the trial court *may* direct a final judgment upon one or less than all of the claims, but *only* upon (a) an express determination that there is no just reason for delay and (b) upon an express direction for the entry of judgment. The rule further provides that in the absence of such determination and direction *any order* or form of decision, *however designated,* which adjudicates less than all the claims shall not terminate the action as to any of the claims."

There appears to be a difference of opinion among the several federal courts of appeals as to whether Federal Rule 54 (b) applies where multiple claims, as distin-

guished from multiple parties, are involved. 3 Barron and Holtzoff, *Federal Practice and Procedure,* 32 § 1193.2 (rev. by Wright 1958). This Court has heretofore adopted the view that the term multiple claims includes multiple defendants. See *Durling v. Kennedy, Parish v. Milk Producers Assn.,* and *Harkins v. August,* all *supra. Accord, Himes v. Day,* 254 Md. 197, 254 A. 2d 181 (1969). Here, where the decision of the trial court was to some but not all of the claims and where it purports to dispose of the rights of one but not all defendants, the case comes within the rule of these decisions. Upon this ground the appeal will be dismissed.

It may be appropriate, however, to state that we have reviewed the record and concluded that Judge Turnbull was correct in granting the motion for summary judgment in favor of State Finance. We make this observation not because we have concluded as Judge Turnbull did that the payment by Taylor of State Finance's judgment made this litigation moot but because the record discloses the Ford automobile was placed on plaintiff's property by someone other than State Finance without its consent, knowledge, or direction and when it had no interest in the automobile or concern as to where it was located.

*Appeal dismissed. Costs to be paid by appellant.*