FRANCES A. KNIGHT, ET VIR *v.* DONALD CHARLES TOLSON

[No. 227, September Term, 1970.]

*Decided October 28, 1970.*

312

The cause was argued before ANDERSON, MORTON, THOMPSON, and POWERS, JJ.

*George J. Goldsborough* for appellants.

*John W. T. Webb* for appellee.

POWERS, J., delivered the opinion of the Court.

We have no alternative but to dismiss this appeal, under Maryland Rule 605 a. We act sua sponte (Maryland Rule 1035 a 2) though there is no motion to dismiss.

Frances A. Knight and Robert L. Knight, Sr. were passengers on May 14, 1966 in an automobile owned and driven by their son Ronald Lester Knight when it was in collision with a vehicle driven by Donald Charles Tolson. They sued both drivers in the Circuit Court for Wicomico County. Pursuant to prearrangement the parties filed on the trial day a stipulation under Maryland Rule 501 a that "the issues of liability and damages may and should be severed for trial and that trial should first proceed before the jury on the issue of liability alone." Judge Travers by order directed the severance of the issues.

At the conclusion of the evidence and after arguments on motions, the transcript shows that Judge Travers ruled:

"* * * I hold in this case that Donald Charles Tolson, one of the Defendants, was not negligent

and, therefore, your verdict in this case, as will be entered by the Court, is for the Defendant, Donald Charles Tolson. On the other hand, I find in this case that the accident was directly and proximately caused by the negligence of the Defendant—Knight and, therefore, your verdict in this case will be for the Plaintiffs against the Defendant—Knight and the Court enters a verdict for the Plaintiffs against the Defendant — Knight."

Docket entries transmitted to us with the record show the entry of these directed verdicts on February 10, 1970. The next docket entry is "1970 Feb 16 Judgment extended in favor of the Defendant, Donald Charles Toulson (sic), and for Defendant's Costs." On March 9, 1970, appellants filed an appeal "from the judgment entered in favor of the defendant, Donald Charles Tolson, on the 10th day of February, 1970." The trial judge was not asked to make an express determination that there is no just reason for delay, nor to make an express direction for the entry of judgment. Without such determination and direction the judgment in favor of Tolson remained subject to revision at any time before the entry of judgment adjudicating all the claims. Maryland Rule 605 a. The appeal from it was premature.

A consistent series of opinions by the Court of Appeals clearly controls the disposition of this case. Among them are *Durling v. Kennedy*, 210 Md. 549, 123 A. 2d 878 (1955) ; *Harkins v. August*, 251 Md. 108, 246 A. 2d 268 (1968) ; *Silverman v. National Life Ins. Co.*, 255 Md. 148, 257 A. 2d 156 (1969) ; *Fletcher v. National Brewing Co.*, 255 Md. 580, 258 A. 2d 410 (1969) ; *Schafer v. Bernstein*, 256 Md. 218, 260 A. 2d 57 (1969) ; *Harlow v. Blocher*, 257 Md. 1, 262 A. 2d 58 (1970) ; and *Picking v. State Finance Co.*, 257 Md. 554, 263 A. 2d 572 (1970). In the last case the Court quoted from several earlier decisions, saying, at page 557 :

"The purpose of this rule * * * is to prevent

> piecemeal appeals as far as possible, and thereby avoid the confusion, delay and expense which would be caused by having two or more appeals in the same suit."

The issue of damages in this case remains unresolved. We note that there should have been an entry of interlocutory judgment in favor of the plaintiffs against the defendant Ronald Lester Knight, to be extended after an inquisition to determine the damages sustained by the plaintiffs, in accordance with Maryland Rule 648.

As the Court of Appeals said in *Schafer v. Bernstein, supra*:

> " 'There was a judgment in this case which adjudicated less than all of the claims arising out of the same cause of action; however there was no express determination that there was no just reason for delay in rendering judgment.' * * * The unresolved issue presented by the counterclaim and the failure of the lower court in rendering judgment for the appellees to make an express determination that there was no just reason for delay in rendering the judgment, brings the appeal within the teeth of Rule 605 a, which under the circumstances renders the appeal premature."

The case was fully argued and considered on the merits. If we decided it on the merits, we would affirm.

*Appeal dismissed; costs to be paid by appellant.*