## BROOKS *v.* FORD MOTOR CREDIT COMPANY

[No. 354, September Term, 1970.]

*Decided March 8, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Lawrence B. Coshnear* for appellant.

*Robert J. Thieblot,* with whom were *Donald C. Allen* and *Allen, Thieblot & Alexander* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This controversy stems from a simple transaction which took place in October, 1965, when the appellant Brooks bought a used Ford sedan from Archway Motors, Inc. (Archway). Brooks says that Archway's salesman represented that Archway would maintain collision insurance on the car, although the installment sales contract, which contains elaborate provisions regarding insurance, carries the word "none" on the line "Total Amount Included for Insurance." Archway assigned the sales contract to Ford Motor Credit Company (Ford). Brooks made 10 monthly payments of $57.58 each to Ford, but stopped in August, 1966, when the car was involved in an accident. Ford sued Brooks for the balance due on the contract together with the attorney's fee. Brooks defended the suit, primarily on the ground that a provision of the sales contract contravened Code (1957, 1969 Repl. Vol.) Art. 83, § 130 (e).[1] Brooks then impleaded Arch-

---

1. Which prohibits the inclusion, in a retail installment sales

way, alleging that any recovery which Ford might achieve would be in consequence of Archway's alleged misrepresentation. Summary judgment was entered in Ford's favor, and Brooks has appealed.

This case poses an interesting question which we have heretofore considered only obliquely in cases involving multiple parties or multiple claims, *Tedrow v. Ford Motor Co.*, 260 Md. 142, 271 A. 2d 688 (1970) ; *Picking v. State Finance Corp.*, 257 Md. 554, 263 A. 2d 572 (1970) ; *Parish v. Maryland and Virginia Milk Producers Ass'n, Inc.*, 250 Md. 24, 242 A. 2d 512 (1968) : May a defendant in an action in which he is also a third-party plaintiff appeal from a judgment entered against him while the third-party claim is still pending?

Code (1957, 1968 Repl. Vol.) Art. 5, § 1 provides: "Any party may appeal to the Court of Appeals from any final judgment or determination of a court of law in any civil suit or action * * *." We have consistently held that appeals will lie only from final judgments which settle the rights of the parties or conclude the cause, *Tvardek v. Tvardek*, 257 Md. 88, 261 A. 2d 762 (1970) ; *Hillyard Constr. Co. v. Lynch*, 256 Md. 375, 260 A. 2d 316 (1970). We may, *proprio motu*, dismiss an appeal for cause, Maryland Rule 835 a 2; *Harkins v. August*, 251 Md. 108, 246 A. 2d 268 (1968).

Brooks had impleaded Archway as permitted by Rule 315 a:

> "Where the defendant in an action claims that a person not a party to the action is or may be liable to him for all or part of the plaintiff's claim against him, he may at any time after commencement of the action cause to be served a summons and third-party claim, together with a copy of the previous pleadings, upon such third party. The defendant shall also cause a

---

contract, of a provision by which a buyer waives "any tort claim." Brooks' contract provided that he would not set up, as against an assignee of the contract, any "claim, setoff, counterclaim or other defense" which he might have had against Archway.

copy of the third-party claim to be served on the plaintiff."

We have had occasion to discuss the origins of this rule in *White v. Land Homes Corp.*, 251 Md. 603, 248 A. 2d 159 (1968) and *Allen & Whalen, Inc. v. John C. Grimberg Co.*, 229 Md. 585, 185 A. 2d 337 (1962), pointing out that the rule, modeled on Rule 14 of the Federal Rules of Civil Procedure, has as its purpose the avoidance of circuitry of action in order that disputed jural relationships growing out of the same matter may be resolved in one action.

Once Brooks had impleaded Archway, he could not separate the original claim from the third-party claim for purposes of appeal without complying with the provisions of Rule 605 a:

> "Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Rule 605 a is virtually identical with Federal Rule 54 (b), *Picking v. State Finance Corp., supra,* 257 Md. 554 and cases cited at 557, which has been generally read to mean that in the absence of the certification of the trial judge, an adjudication of one of the claims in a third-party suit is not a final judgment from which an appeal

will lie. See 6 Moore's *Federal Practice* ¶ 54.36 at 250-2 (2d ed. 1966).

> "Since the plaintiff's claim is separate from the third-party plaintiff's claim, the court may, if it so desires, enter separate judgments at various stages, whenever it has made an adjudication of the main claim or the third-party claim, or as to parties thereto, *in accordance with Rule 54 (b)* [in Maryland, Rule 605 a]. Such a judgment would be final and subject to appeal by the affected party." (emphasis supplied) 3 Moore, *supra,* ¶ 14.19 at 639.

The conclusion we reach is consistent with the result reached in *Silverman v. National Life Ins. Co.,* 255 Md. 148, 257 A. 2d 156 (1969) where we dismissed an appeal because the lower court entered judgment for the plaintiff, but left open a decision on a counterclaim and the result reached on virtually similar facts in *Schafer v. Bernstein,* 256 Md. 218, 260 A. 2d 57 (1969). See also, *Harlow v. Blocher,* 257 Md. 1, 262 A. 2d 58 (1970) ; *Harkins v. August, supra,* 251 Md. 108.

In the case before us, the trial court made no express determination that there was no just reason for delay and left open the third-party claim. The appeal must be dismissed as prematurely taken, since without a certification under Rule 605 a, the judgment remained interlocutory. Nevertheless, we have reviewed the record and considered the issues raised in the briefs and at argument. Had the case been before us on the merits, we would have found no reason to disturb the result reached below.

*Appeal dismissed, costs to be paid by appellant.*