MADDEN, a minor etc. ET AL. *v.* CLOUSER

[No. 411, September Term, 1970.]

*Decided May 13, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*David M. Wortman,* with whom were *Lawrence A. Shulman, Saul M. Schwartzbach* and *Schwartzbach & Wortman* on the brief, for appellants.

*William J. Rowan, III,* with whom were *Heeney, McAuliffe & McAuliffe* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

In the unfortunate incident causing this case to arise John P. Madden, a seventh grader then 12 years of age, lost the sight of his right eye in a tussle at school during the absence of a teacher from the classroom. For procedural reasons we shall be obliged to dismiss the appeal. Pursuant to Maryland Rule 885, however, to avoid a further appeal to this Court, we shall indicate our views relative to liability.

Madden through his father and next friend, Robert W. Madden, Jr., who also sued in his own right, sued the teacher, the appellee James E. Clouser (Clouser), and two fellow students, Melody Stroupe and Melvin Dawes. Stroupe has never been served with process. Dawes has been summoned. No appearance or plea has been entered on his behalf. Judge Pugh, correctly in our view, granted a motion for summary judgment on behalf of Clouser. Madden and his father appeal from the granting of that motion.

The fact that members of the bar from time to time have overlooked the plain meaning of certain of the Maryland Rules of Procedure has heretofore been a subject of comment from this Court. See by way of example *Evans v. Howard,* 256 Md. 155, 162, 259 A. 2d 528 (1969), and *Lewis v. Germantown Insur. Co.,* 251 Md. 535, 536, 248 A. 2d 468 (1968). Rule 605 a provides:

> "Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final

judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Counsel appear frequently to overlook this provision. Examples are *Schafer v. Bernstein,* 256 Md. 218, 220, 260 A. 2d 57 (1969), and *Silverman v. National Life Ins. Co.,* 255 Md. 148, 151, 257 A. 2d 156 (1969). Examples of the proper way to handle such cases are *Cotham and Maldonado v. Board,* 260 Md. 556, 273 A. 2d 115 (1971) and *St. Michelle v. Catania,* 252 Md. 647, 250 A. 2d 874 (1969).

In this case there has been no disposition of the claim against Dawes. Accordingly, the summary judgment from which Madden appeals is not a final judgment and the appeal must be dismissed.

The allegation in the declaration here is that:

"* * * [T]he defendant, JAMES E. CLOUSER, negligently failed to maintain order and decorum in said classroom; negligently failed to supervise their activities in the said classroom and negligently and carelessly removed himself from said classroom, permitting the children to be unattended; that seizing advantage of the opportunity created by the absence of the defendant, JAMES E. CLOUSER, the co-defendants, MELODY STROUPE and MELVIN DAWES, two of the students in the classroom, entered in to a fight over the possession of a pencil; that

during said fight, the minor plaintiff, JOHN P. MADDEN, who was in no way involved in said fight, was struck in the right eye by the point of said pencil, resulting in multiple, serious and permanent physical injuries, through no fault or negligence of his own * * *."

We regard this case as controlled by our holding in *Segerman v. Jones*, 256 Md. 109, 259 A. 2d 794 (1969), in which we reversed a judgment entered after a jury trial, holding that there should have been a directed verdict in favor of the defendant. That, too, involved a claim against a teacher for injuries sustained by a child during the teacher's absence from the classroom. We held that the proximate cause of the injury "was an intervening and wholly unforeseen force", the fact that a pupil left his assigned place and did not do his push-ups as he had been instructed, stating that to say that the pupil's act should have been foreseen by the teacher would be sheer conjecture. In denying liability, we pointed out that while proximate cause is ordinarily a question of fact, it becomes a question of law in cases where reasoning minds can not differ.

Here young Madden said:

"Stroupe and Dawes were fighting over a pencil. And I turned around and one of them let go and it went in my eye."

It thus becomes apparent that this case is squarely within *Segerman* and no triable issue of fact was presented. Judge Pugh correctly granted the teacher's motion for summary judgment.

*Appeal dismissed; appellants to pay the costs.*