## NATIVIDAD A. FLORES, ETC. ET AL. *v.* BARBARA ELAINE KING ET AL.

[No. 109, September Term, 1971.]

*Decided October 26, 1971.*

The cause was argued before THOMPSON, MOYLAN and GILBERT, JJ.

*Seymour Korn,* with whom was *Joel Rosenstein* on the brief, for appellants.

*John F. McAuliffe,* with whom were *Heeney, McAuliffe & McAuliffe* on the brief, for appellee, Clarence Leroy Awkard. No brief filed for other appellees.

GILBERT, J., delivered the opinion of the Court.

This appeal involves an interpretation of Section 4 of Maryland's version of Lord Campbell's Act as codified in Article 67.[1]

According to appellants' declaration, Gustavo G. Flores was killed in a motor vehicle collision in Montgomery County, Maryland. Flores left surviving him a widow, Natividad A. Flores; an infant son, Gustavo U. Flores; an infant daughter, Minerva G. Flores, and an infant stepdaughter, Leticia Armenta Flores.

Appellees timely filed general issue pleas to all counts

---

1. The Maryland version of the English Statute, 9th and 10th *Victoria,* Chap. 93.

of appellants' declaration, except "Count IV." To that count they demurred and assigned as reasons therefor that the count, brought on behalf of the stepdaughter for the wrongful death of her stepfather, did not, as a matter of law, entitle the stepdaughter to assert a claim under the circumstances alleged in the suit. The trial judge agreed with appellees and sustained their demurrer to the count, without leave to amend.

Appellants then filed an appeal to this Court. We shall dismiss the appeal *sua sponte*. Rule 1035. The order appealed from is not final. An appeal in an action at law is allowed only from a final judgment or determination. Maryland Code, Art. 5, § 1. Maryland Rule 605 a. provides:

> "Where more than one claim for relief is presented in an action, whether as an original claim, counter-claim, cross-claim, or third party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction,* any order or other form of decision, however designated, *which adjudicates less than all the claims shall not terminate the action as to any of the claims,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

The trial judge was not asked to make an express determination that there was no reason for delay, nor was he requested to make an express direction for the entry of judgment. Absent such express determination and direction, the appeal is premature.

> "The purpose of this rule * * * was to prevent piecemeal appeals as far as possible, and therefore avoid the confusion, delay and expense

which would be caused by having two or more appeals in the same suit." *Picking v. State Finance Co.*, 257 Md. 554, 557, 263 A. 2d 572 (1970) ; *Knight v. Tolson*, 10 Md. App. 311, 313-314 (1970).

Disposition of this case is controlled by a consistent series of opinions by the Court of Appeals. *Durling v. Kennedy*, 210 Md. 549, 123 A. 2d 878 (1956) ; *Harkins v. August*, 251 Md. 108, 246 A. 2d 268 (1968) ; *Silverman v. National Life Ins. Co.*, 255 Md. 148, 257 A. 2d 156 (1969) ; *Fletcher v. National Brewing Co.*, 255 Md. 580, 258 A. 2d 410 (1969) ; *Schafer v. Bernstein*, 256 Md. 218, 260 A. 2d 57 (1969) ; *Harlow v. Blocher*, 257 Md. 1, 262 A. 2d 58 (1970) ; *Picking v. State Finance Co., supra;* See also *Knight v. Tolson, supra.*

In the interest of preventing costly future litigation by the parties to this action we shall comment upon the merits of the case which would be raised by a proper appeal.

Article 67, § 4, provides in part:

"(a) Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused or if there be no such person or persons entitled then any person related to the deceased by blood or marriage, who, as a matter of fact, was wholly dependent upon the person whose death shall have been so caused. 'Parent' shall include the mother of an illegitimate child whose death shall have been so caused; 'child' shall include an illegitimate child whenever the person whose death is so caused is the mother of such child; * * *."

Appellants argue that the stepdaughter was completely dependent upon the decedent for her support and could have reasonably expected to continue to receive support had not the decedent met his unfortunate death. We are

urged to judicially interpret the noun "child" as used in the statute so as to include "dependent stepchild." We decline to do so.

The negligence causing death statute is in derogation of the common law, and, therefore, should be strictly construed. *McKeon v. State, Use of Conrad,* 211 Md. 437, 443 (1956); *Demczuk v. Jenifer,* 138 Md. 488 (1921); *Dunnigan v. Cobourn,* 171 Md. 23 (1936). The statute indicates that either of two classes of persons may be entitled to recover in a wrongful death action, and establishes their priority. It is, therefore, disjunctive and not conjunctive in nature. The primary class is the "wife, husband, parent and child" of the person whose death has been caused by a wrongful act, neglect or default. The secondary or alternate class consists of any person or persons who may be "related to the deceased by blood or marriage," who were "wholly dependent upon" the decedent. However, in order for the secondary or alternate class to maintain an action, there must be no person or persons within the primary class entitled to recover for the wrongful death.

Inasmuch as members of the primary class do exist and have asserted a claim against appellees, in the Circuit Court for Montgomery County, to recover under Lord Campbell's Act for the negligent death of their husband or father, as the case may be, the stepdaughter, even though she may have been totally dependent upon her deceased stepfather, is precluded as a matter of law from asserting a claim for her stepfather's untimely demise.

It is suggested by appellants that the legislative intent was to include within the scope of the statute a "dependent stepchild." This intent, appellants say, may be garnered from the definition utilized by the General Assembly in defining "parent" and "child." The statute provides:

> " 'Parent' shall include the mother of an illegitimate child * * *; 'child' shall include an ille-

gitimate child whenever the person whose death is so caused is the mother of such child; * * *."

Appellants state that the definitions quoted, *supra,* represent "legislative intent to support cause[s] of action where there is dependency and reasonable expectation of pecuniary benefits or advantage from a continuance of life of deceased." We disagree. We think that had the legislature intended the word "child" to include "stepchild" it would have said so.

Appellants next argue that Lord Campbell's Act and the Workmen's Compensation Act (Article 101) are in *pari materia.* They are, but only under certain circumstances. See *McKeon v. State, Use of Conrad, supra; Storrs et al. v. Mech et al.,* 166 Md. 124, 133 (1934) and *Clough & Molloy v. Shilling,* 149 Md. 189 (1925). We do not subscribe to the appellants' view that the enactment of § 58 of Article 101 of the Annotated Code of Maryland brings the decedent's stepdaughter within the primary class of persons entitled to recover under Article 67, § 4. Section 58 of Article 101 provides in part:

> "Where injury or death for which compensation is payable under this article was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee, or in the case of death, his personal representative or dependents as hereinbefore defined, may proceed either by law against that other person to recover damages or against the employer for compensation under this article, or in case of joint tortfeasors, against both * * *."

"Dependent" is defined by Article 101, § 36, as one who is receiving in whole or in part the reasonable necessities of life from a workman at the time of the accident resulting in the death of the workman. *Mullan Construction Co. v. Day,* 218 Md. 581 (1959) ; *C. W. Wright Construction Co. v. Brannan,* 217 Md. 397 (1958) ; *Mario*

*Anello & Sons, Inc. v. Dunn,* 217 Md. 177 (1958) ; *Johnson v. Cole,* 245 Md. 515 (1967). Appellees conceded for the purpose of the demurrer that the stepdaughter was wholly dependent upon the deceased.

Appellants cite *Taylor v. State, Use of Mears,* 233 Md. 406 (1964). We think appellants misinterpret *Taylor.* There, the court held that illegitimate children of a deceased father were entitled to maintain an action under Lord Campbell's Act where they were dependents under the Workmen's Compensation Act, notwithstanding the fact that legitimate children of the decedent were in *esse.* The Court of Appeals said :

> "We do not mean to qualify in any way the holding in *State, Use ¡of Holt v. Try, Inc.,* 220 Md. 270, discussed above. It may be that an anomalous situation is presented. Thus, *if these illegitimate ¡children in this appeal had not been entitled to sue as dependents under the Workmen's Compensation Act, but had proceeded solely under the wrongful death statute, they would have had no standing to sue,* as the appellees candidly admitted at the oral argument. Whatever doubts may exist concerning such a legal incongruity we feel bound by our prior decisions in *Clough & Molloy v. Shilling, supra;* [149 Md. 189]¡ and *Storrs v. Mech, supra* [166 Md. 124]." (Emphasis supplied).

It is patent that Article 101, § 58 *supra,* does not enlarge Article 67, § 4, *unless the injury or death was caused under circumstances¡ creating a liability in someone other than the employer,¡ and where Workmen's Compensation is payable. Taylor¡ v. State, Use of Mears, supra.* Compensation would be payable under Article 101 where there is an accidental injury or death arising out of and in the course of decedent's employment. No allegation regarding Workmen's Compensation benefits is made in the instant case, nor was the death work-connected. Absent such a claim, the stepdaughter is not en-

titled to maintain a suit under Lord Campbell's Act. We think it clear that Judge Moorman was correct, under the factual situation here presented, in sustaining the appellees' demurrer without leave to amend.

*Appeal dismissed.*
*Costs to be paid by the appel-*
*lants.*