## MORITZ v. THE CHURCH OF JESUS CHRIST OF THE LATTER DAY SAINTS

[No. 394, September Term, 1971.]

*Decided July 3, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Eli J. Golden,* with whom was *Howard I. Golden* on the brief, for appellant.

Court did not wish to hear from appellee. *George N. Manis* and *Turk, Manis & Duckett* on the brief for appellee.

PER CURIAM:

This appeal requires us once more to repeat the import of Maryland Rule 605 a. The appellant, Ernest Moritz, brought an action in the Circuit Court for Baltimore County (MacDaniel, J.) against The Church of Jesus Christ of the Latter Day Saints, the church's architect Lon Overton, and a general contractor, William H. Sands, Inc. The dispute arose out of an agreement whereby Moritz, a civil engineer, was to provide certain mechanical and electrical specifications for a Mormon chapel being designed by Overton. The bill of complaint prayed an injunction and declaratory relief.

Two of the defendants, Sands and the church, demurred to the bill of complaint; Overton answered. After a hearing Judge MacDaniel sustained both demurrers, granting, however, thirty days leave to amend the bill of complaint but only as to the church. Subsequently Moritz filed an amended bill, eliminating Sands as a defendant, to which the church again demurred. Following a second hearing Judge MacDaniel wrote:

> "It is this court's opinion that the aforesaid Amended Bill of Complaint as to the aforesaid Church is bad in substance and insufficient in law and, therefore, the court sustains the De-

murrer without leave to amend as against The Church of Jesus Christ of the Latter Day Saints.
*"The case will then proceed on the merits by the Complainant against the remaining Respondent, Lon Overton."* (Emphasis added.)

Moritz then noted this appeal. Because Judge MacDaniel's order is not finally dispositive of the appellant's case we shall dismiss the appeal. Rule 605 a.

It is hardly necessary to repeat the provisions of this rule. By now it should be familiar to all. See *Madden v. Clouser,* 262 Md. 144, 145-46 (1971); *Tedrow v. Ford Motor Co.,* 260 Md. 142, 144 (1970); *Picking v. State Finance Corp.,* 257 Md. 554, 556 (1970); *Arteno v. Arteno,* 257 Md. 227, 229 (1970); *Harlow v. Blocher, Adm'r,* 257 Md. 1, 3 (1970); *Schafer v. Bernstein,* 256 Md. 218, 221 (1969); *Silverman v. National Life Ins. Co.,* 255 Md. 148, 150 (1969), to name but a few of the appeals that have been dismissed pursuant to Rule 605 a.

Judge MacDaniel's order sustaining the church's demurrer without leave to amend contained neither an "express determination that there . . . [was] no just reason for delay," nor an "express direction for the entry of judgment." Indeed, his only determination was that the case proceed on the merits since the claim against Overton had been left unadjudicated. We have held that the term "multiple claims" under Rule 605 a includes multiple defendants. *Tedrow v. Ford Motor Co., supra.*

*Appeal dismissed.*
*Costs to be paid by the appellant.*