# GREYHOUND LINES, INC. *v.* RUBY ALDERSON ET AL.

[No. 97, September Term, 1974.]

*Decided October 21, 1974.*

The cause was argued before MORTON, MOORE and LOWE, JJ.

*William H. Clarke* and *Matthew J. Kastantin* for appellant.

*Samuel Intrater* for appellees Ruby Alderson and Kenneth Alderson. *Albert D. Brault*, with whom were *Brault, Scott & Brault* on the brief, for other appellee.

MORTON, J., delivered the opinion of the Court.

We conclude that this appeal must be dismissed pursuant to the provisions of Md. Rule 605 a.[1] because: (1) the issue of damages remains unresolved; (2) cross claims between the co-defendants, Greyhound Lines, Inc., and G. T. Koehler, remain formally undecided; and (3) an appeal cannot be taken from a verdict. As the issue of the prematureness of the appeal was not raised by any of the parties, we have no alternative but to act *sua sponte*.

The record indicates that multiple plaintiffs sued Greyhound Lines, Inc., which, in turn, impleaded Ronald C. Williamson and G. T. Koehler in a third party declaration for damages arising out of a traffic accident involving a Greyhound bus and the vehicles of the impleaded defendants. The plaintiffs subsequently amended their declaration over against the impleaded defendants. Because of the large number of parties to the suit, counsel for all parties stipulated that the issue of liability, more

---

1. Md. Rule 605 a provides:

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The record shows no "express direction for the entry of a judgment" nor "an express determination [by the trial court] that there is no just reason for delay."

appropriately designated the issue of negligence,[2] should alone be submitted to the jury in a bifurcated proceeding and that all parties would be bound by the determination of the jury as to the issue of negligence in any further proceedings.

At the close of all the evidence, the three defendants moved for directed verdicts as to both the original and cross claims. The motion was fully granted as to defendant Ronald Williamson, and his cross claim against the remaining two defendants dismissed. The record reflects that final judgments were duly docketed regarding Williamson and he does not appeal any decision of the lower court.

In contrast, the trial judge (Couch, Jr., J., presiding) reserved his ruling on the directed verdict motions of Greyhound Lines, Inc., and Koehler and permitted the issue of negligence to go before the jury. The jury returned a verdict in the "liability trial" on the special issue and found Greyhound Lines, Inc., and Koehler guilty of negligence. The trial judge, after a hearing, denied the motions of Greyhound Lines, Inc., and Koehler.

It is in this procedural posture of the cause below that Greyhound Lines, Inc., comes before us as the appellant asserting, essentially, that its motion for a directed verdict on the issue of negligence should have been granted. Alderson, et al., plaintiffs below, appear as appellees, as does Koehler.

There is, however, no indication in the record of any subsequent "damages trial," and we were advised at oral argument that no such trial has been held. Thus, we can only conclude that the issue of damages and the cross claims of Greyhound Lines, Inc., and Koehler are pending and unresolved.

Our holding in *Knight v. Tolson*, 10 Md. App. 311, would appear to be dispositive of the case at bar. There, passengers who had been injured in a two car collision sued both drivers

---

2. See *Peroti v. Williams*, 258 Md. 663, and *Burns v. Goynes*, 15 Md. App. 293, for a discussion of the distinction between "liability" and "negligence."

at law for damages due to negligence. On trial day a stipulation was filed, pursuant to Md. Rule 501, severing the issue of liability for negligence from the issue of damages. The "liability trial" then proceeded before a jury. At the conclusion of the evidence a directed verdict was granted in favor of one of the defendants. Plaintiffs, aggrieved by the granting of the directed verdict, filed an appeal. As there was no request of the trial judge for an express determination allowing such an interlocutory appeal in accordance with Md. Rule 605 a, we dismissed the appeal as premature. Judge Powers, speaking for the Court in *Knight v. Tolson, supra,* at 313-314, stated:

> "Without such determination and direction the judgment in favor of Tolson [the defendant who received a directed verdict in his favor] remained subject to revision at any time before the entry of judgment adjudicating all the claims. Maryland Rule 605 a. The appeal from it was premature.
>
> * * *
>
> "The issue of damages in this case remains unresolved. We note that there should have been an entry of interlocutory judgment in favor of the plaintiffs against the defendant Ronald Lester Knight, to be extended after an inquisition to determine the damages sustained by the plaintiffs, in accordance with Maryland Rule 648."

This Court there acted *sua sponte,* without any motion from the parties, feeling it had "no alternative but to dismiss the appeal."

*Knight v. Tolson, supra,* has been cited with approval in *Flores v. King,* 13 Md. App. 270; *Burns v. Goynes,* 15 Md. App. 293; and *Frericks v. Baines,* 16 Md. App. 343.

Aside from *Knight v. Tolson, supra,* the most apposite factual situation involving Md. Rule 605 a in this Court arose in *Burns v. Goynes, supra.* There, a suit for damages as a result of an automobile collision had been heard before a jury, which found for the defendants. The plaintiffs,

however, had duly moved for directed verdicts at the close of all the evidence and the trial judge had reserved his decision on the plaintiffs' motion. Md. Rules 552 c, 563 a 2. The trial court subsequently entered a directed verdict, as to negligence only, in favor of plaintiffs and, accordingly, decreed a new trial on the issue of damages. Before the trial as to damages was held, defendants appealed.

This Court entertained the appeal, feeling that the case had been properly submitted to the jury originally and held that a trial on the issue of damages for plaintiffs would serve no purpose in view of our finding. Nevertheless, Chief Judge Orth speaking for the Court in *Burns v. Goynes, supra,* stated at 304:

> "We entertain this appeal only because of the unusual circumstances existent. Normally we would dismiss it *sua sponte* because there is no final judgment, the issue of damages remaining unresolved. There was no express determination by the trial court that there was no just reason for delay and no express direction for the entry of a final judgment. Rule 605 a. See Rule 1035 * * * (citations omitted) * * *.
>
> We determine the appeal here only because it would violate the expressed purpose of the Rule not to do so. We think it against the orderly administration of justice in the exceptional circumstances here to remand the case and have a jury impaneled to ascertain damages in the face of the jury's verdict for the defendants-appellants when we feel the case was properly submitted to the jury and would so hold on a subsequent appeal. But our action here is not to be construed as a viable exception to the principle that an appeal lies only from a final judgment or a reflection on the integrity of the previous opinions applying the rule. It is simply that we do not believe there should be a war between the technical procedures of the law and

common sense which strict adherence to the Rule
would in this unique situation initiate."

It would appear, moreover, that the rigors of Md. Rule 605
a have become stricter in light of a very recent trilogy of
decisions, and that *Burns v. Goynes, supra,* must now be
confined to its exceptional circumstances.

In *Harlow v. Blocher,* 257 Md. 1 (cited in *Knight v. Tolson,
supra*), a hearing had been ordered in the trial court on a
separable issue of waiver pursuant to Md. Rule 501. At the
same time, the court decreed a summary judgment
determining a limitations claim in the action. At this point,
prior to the hearing on the issue of waiver, parties adversely
affected by the summary judgment on limitations lodged an
appeal from that determination to the Court of Appeals. The
appeal was dismissed and returned to the lower court, the
Court of Appeals (Hammond, C. J.) noting that no Md. Rule
605 a certification had been made and observing that "* * *
the suit below may have been instituted too late but the
appeal certainly was taken too soon." *Harlow v. Blocher,
supra,* 2.

The same case later came up on appeal to this Court under
the caption *Harlow v. Schrott,* 16 Md. App. 31. We
entertained the appeal. The waiver issue which had brought
about the initial reversal had been tried below and we
vacated the order granting summary judgment because of
limitations. At the same time, we recognized the claim of
one litigant that because of still pending claims below the
appeal should be barred as premature, Md. Rule 605 a,
holding, however: "[b]ut at oral argument of the case, all
parties urged that we consider the limitations question on
its merits, rather than to dismiss the appeal as premature.
We think the circumstances of the case are sufficiently
unusual that the purposes of the Rule are not violated by our
determination of the essential merits of the case. See *Burns
v. Goynes,* 15 Md. App. 293." *Harlow v. Schrott, supra,* 43.

The Court of Appeals then granted certiorari in the case
under the caption *Blocher v. Harlow,* 268 Md. 571. Our
holding was reversed and the appeal dismissed as being

premature and not in compliance with the procedures mandated by Md. Rule 605 a. The Court observed (Smith, J.) at 576-578:

> "The issues against the Kings [one of the appellees] remained to be tried. One might suppose that having been once exposed to Rule 605 a through the dismissal of the appeal in *Harlow v. Blocher*, 257 Md. 1, that this time the thought might have occurred to counsel for the parties that it might be wise to make inquiry of the trial judge as to whether in his role of 'dispatcher' he regarded the matter as ripe for review on appeal, but such was not the case. * * * It thus would appear that counsel did not take seriously our chiding of the bar for its disregard of the rules and our advice to the bar that the rules are not guides to the practice of law, but precise rubrics established to promote the orderly and efficient administration of justice which are to be read and followed (citations omitted).
>
> * * *
>
> "Under Rule 605 a, * * * the trial judge is expected to be the 'dispatcher' and 'to determine, in the first instance, the appropriate time *when each "final decision"* upon "one or more but less than all" of the claims in a multiple claims action is ready for appeal.' * * * No such determination was made here. The order appealed from was not a final order nor does it fall within the category of interlocutory orders from which an appeal may be maintained. Therefore, the appeal must be dismissed. (Citations omitted.) It is elementary that parties may not confer appellate jurisdiction by consent upon this Court or the Court of Special Appeals. Accordingly, we shall remand the case to the Court of Special Appeals for the purpose of entering an order dismissing the appeal."

Noting, *inter alia*, that the same cause had come before it and had been dismissed in *Harlow v. Blocher, supra*, the

Court of Appeals went on to express its opinion, pursuant to Md. Rule 885, as to the disputed limitations claim in order to "avoid the expense and delay of another appeal."

We observe that a distinction has, apparently, emerged in the law regarding the applicability of Md. Rule 605 a to judgments by default. *See J. C. Penny Co., Inc. v. Harker*, 23 Md. App. 121 where Chief Judge Orth, for the Court, reviews the appealability of default judgments (pp. 124-130).

As we noted above, it further appears in the case at bar that Greyhound Lines, Inc., originally impleaded Ronald Williamson and G. T. Koehler in a third party declaration. By an amended declaration, plaintiffs later joined Williamson and Koehler as co-defendants. Meanwhile, cross claims were filed among the co-defendants. The record does not reflect that the cross claims of Greyhound Lines, Inc., and Koehler have been formally resolved and, presumably, they are still pending below. The pendency of these cross claims without a certification by the trial judge below pursuant to Md. Rule 605 a, of course, further establishes the prematureness of the appeal.

Finally, no judgment *nisi* was entered on receipt of the verdict as to the special issue nor, therefore, due recordation of a judgment *absolute*. An appeal will not lie from a verdict. *Merlands Club v. Messall*, 238 Md. 359.

Thus, we find no alternative but to dismiss this appeal.

> *Appeal dismissed.*
> *Costs to abide the final result.*