# TEDROW *v.* FORD MOTOR COMPANY ET AL.

[No. 129, September Term, 1970.]

*Decided December 15, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Frank R. Holtzman,* with whom was Robert D. Tedrow, Jr., in proper person, on the brief, for appellant.

*Laidler B. Mackall,* with whom was *James C. Christopher* on the brief, for Ford Motor Company, part of appellees.

*S. Michael Pincus,* with whom was *Samuel Gordon* on the brief, for Martin Deskin et al., other appellees.

PER CURIAM.

This attempted appeal from an order granting summary judgment calls for further reiteration of Maryland Rule 605 a. The appellant, Robert D. Tedrow, Jr., dissatisfied with the performance of a used automobile, brought an action in the Circuit Court for Montgomery County

against eight defendants, including the Ford Motor Company for fraud, civil conspiracy, breach of contract and breach of warranty. Judge Miller granted summary judgment in favor of five of the defendants, including Ford, and left undisturbed the entire declaration against the defendants, Collum, Van Veen and Shelton Motors. Because this order is not finally dispositive of the appellant's case we have concluded on our own motion that under Rule 605 a his appeal must be dismissed. This rule provides:

> "Where more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order* or other form of decision, however designated, *which adjudicates less than all of the claims shall not terminate the action as to any of the claims,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

Judge Miller's order for summary judgment contained neither an expressed determination that there was no just reason for delay nor an expressed direction for the entry of final judgment for costs against Tedrow. The absence alone of these explicit directions by the trial court prevents the taking of an appeal at this time. Indeed, this is an instant replay of the situation in *Picking v. State Finance Co.,* 257 Md. 554, 558, 263 A. 2d 572 (1970) where we made clear our adoption of the view that under Rule 605 a "the term multiple claims includes multiple defendants." Here, as in *Picking,* the trial court's decision only purported to dispose of the rights of some but not all of the defendants, obviously leaving unadjudicated the identical claims against the remaining three

defendants. Such an order is interlocutory in nature from which no right of appeal exists at this time.

At oral argument before us the appellant freely conceded that he had no basis for any claim for damages against the Ford Motor Company. Accordingly we will expressly direct final judgment in favor of that defendant for costs.

> *Appeal dismissed and case remanded for further proceedings with the additional direction that a judgment be entered in favor of the Ford Motor Company against the appellant for costs. Costs on this appeal to be paid by the appellant.*