# EDMOND R. LEACH *v.* CITIZENS BANK OF MARYLAND ET AL.

[No. 813, September Term, 1972.]

*Decided April 5, 1973.*

392

The cause was argued before GILBERT, MENCHINE and SCANLAN, JJ.

*James E. Davitt* for appellant.

*James P. Salmon* for appellees.

MENCHINE, J., delivered the opinion of the Court.

Nineteen of the appellees in this case have filed motions under Rule 1035 to dismiss the appeal upon the ground that it was not filed within the time prescribed by Rule 1012. The movant appellees are: Citizens Bank of Maryland; Horn & Horn Restaurant; Household Finance Corporation; S. S. Kresge Co.; Metropolitan Paint Corporation; Miles Shoes, Inc.; Greenbelt Consumer Services; Grand Union Co.; H. S. King Co., Inc.; Liberty Loan Corporation and affiliates; Penn Mar Liquors; J. C. Penny Co., Inc.; Peoples Services Drug Stores; Philipsborn of Md., Inc.; P. G. Sacks, Inc.; Thom McAn, Inc.; Launette, Inc.; Western Auto Supply Co., and Besstress Corp.

The circumstances giving rise to the present motions to dismiss are as follows:

On April 18, 1969, Edmond R. Leach filed an action for damages for (a) false arrest and (b) malicious prosecution in the Circuit Court for Prince George's County against Michael S. DeBari; Suburban Gardens, Inc.; Realty Management Corporation, and Penn Mar Merchants Association, Inc. That action was docketed

as Case No. 40214 and will be hereafter referred to as Case No. 1. None of the movant appellees were parties to that action and none of the defendants in that action are parties to the subject motions to dismiss.

On May 27, 1969, Edmond R. Leach filed an action for damages for (a) false arrest and (b) malicious prosecution in the Circuit Court for Prince George's County by a declaration, making the identical allegations against all of the movant appellees as previously had been asserted against the four defendants in Case No. 1. That action was docketed as Case No. 40635 and will be referred to as Case No. 2.

Case No. 1 and Case No. 2 initially were removed to the Circuit Court for Charles County where they received separate numbers, but where they were consolidated by order of Mitchell, J., over the objection of movant appellees. Motions for summary judgment also had been filed in that court in behalf of all nineteen defendants in Case No. 2 (now the movant appellees).

At some point in time between April 14, 1972 and April 21, 1972, Case No. 1 and Case No. 2 were transferred to the Circuit Court for Calvert County (by agreement of all counsel but apparently without formal application or order therefore) wherein the two cases were assigned the single number 3339.

On April 28, 1972, a hearing was had in the Circuit Court for Calvert County (Bowen, J.) on the motions for summary judgment previously filed by the present movant appellees (then the nineteen defendants in Case No. 2). Judge Bowen granted their motions for summary judgment.

On May 8, 1972, trial before a jury as to Case No. 1 was commenced with subsequent verdict returned against the defendant Michael S. DeBari (the alleged tortfeasor and the alleged agent, servant and employee of every other defendant in Case No. 1 and Case No. 2). Verdict for the plaintiff was rendered also against one other of the original defendants. (Directed verdicts were granted as to the other two original defendants.)

Final judgments in Case No. 1 were entered on June 1, 1972.

An appeal was taken on June 29, 1972 "from the order of the trial court June 1, 1972 granting defendant, Penn Mar Merchants Association, Inc. motion for judgment n.o.v.; also from the order of the trial court, April 28, 1972 granting the motions for summary judgment filed by" the movant appellees.

The movant appellees contend that because the appeal was not filed within thirty days after April 28, 1972, it must be dismissed, citing Rule 606 and *Coppage v. Resolute Insurance Co.*, 264 Md. 261.

Appellant maintains that the time for appeal from the summary judgments entered on April 28, 1972 was extended by the combined effect of Rules 605 and 503, citing *Tedrow v. Ford*, 260 Md. 142.

The rules in question (with the number of its nearly identical twin of the Federal Rules of Civil Procedure in brackets behind it),[1] in pertinent part read as follows:

Rule 503 [42(a)]

"When actions involving a common question of law or fact or a common subject matter are pending (a) before any court of law or before several of the courts of law of Baltimore City, or (b) before any court of equity or before either or both of the courts of equity of Baltimore City, any such court, upon application of any party or of its own motion, may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Rule 605 a [54]

---

1. The numbers of the companion Federal Rules are shown in brackets because subsequent citations will contain quotations making reference to the Federal numbering.

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Rule 606 [42(b)]

"In a consolidated action, in a trial before the court, the court may render such joint or separate judgments, and in a jury trial, may require the rendition of such joint or separate verdicts as justice may require."

We believe the movant appellees' reliance on *Coppage v. Resolute, supra,* is misplaced. There, in one action, *Coppage* sought to have declared void an agreement between Resolute and the insolvent corporation of which he was receiver. The consolidated companion case was a claim by Resolute against Coppage's insolvent corporation. The two cases were in fact tried together below, with trial resulting in dismissal of the suit by Coppage and entry of an order which established the liability of *Coppage's* insolvent corporation to *Resolute* but deferred entry of an order fixing the amount of its claim. When Coppage appealed, Resolute moved to dismiss the appeal upon the ground that it was premature, relying on Maryland Rule 605 a.

In *Coppage, supra,* it was said at page 263:

"Here, two entirely separate and distinct cases

were consolidated for purposes of trial as a matter of convenience as permitted by Rule 503. The rule applicable to such consolidated actions is Rule 606:

'In a consolidated action, in a trial before the court, the court may render such joint or separate judgments, and in a jury trial, may require the rendition of such joint or separate verdicts as justice may require.' which contemplates the rendition of separate judgments, without a limitation of the sort imposed by Rule 605 a., which is applicable in instances where final judgments are entered on less than all the claims in a single action. As a consequence, we shall deny the motion to dismiss and proceed to a consideration of the merits of the appeal."

In the subject case the identical claim of the plaintiff was asserted against all defendants, both in Case No. 1 and in Case No. 2. The consolidation of the two was in no way "a matter of convenience"—it was intended to prevent two trials at *nisi prius* that involved the claim of a single plaintiff against multiple defendants, resulting from a single wrong and involving a common issue of fact and law.

*Tedrow v. Ford Motor Co., supra,* bears closer resemblance to the subject case. There Tedrow brought suit against eight defendants for fraud, conspiracy, breach of contract and breach of warranty. The trial judge granted summary judgment in favor of five of the eight defendants but left undisturbed (and untried) the action against the other three defendants. Tedrow's appeal was dismissed as premature under Rule 605 a, the Court of Appeals saying at page 144:

"Judge Miller's order for summary judgment contained neither an expressed determination that there was no just reason for delay nor an

expressed direction for the entry of final judgment for costs against Tedrow. The absence alone of these explicit directions by the trial court prevents the taking of an appeal at this time. Indeed, this is an instant replay of the situation in *Picking v. State Finance Co.*, 257 Md. 554, 558, 263 A. 2d 572 (1970) where we made clear our adoption of the view that under Rule 605 a 'the term multiple claims includes multiple defendants.' Here, as in *Picking*, the trial court's decision only purported to dispose of the rights of some but not all of the defendants, obviously leaving unadjudicated the identical claims against the remaining three defendants. Such an order is interlocutory in nature from which no right of appeal exists at this time."

Movant appellees concede that if the plaintiff had filed an amended declaration against twenty three defendants (the original four and movant appellees nineteen) the rule announced in *Tedrow* clearly would apply and the plaintiff *could not have appealed* until after the judgment following the trial as to the remaining defendants. They suggest however, that plaintiff's choice of procedures by the filing of two separate suits, coupled with the grant of summary judgment as to *all* defendants in Case No. 2, prevents operation of the rule in *Tedrow, supra,*—without regard to the fact of the prior consolidation of the cases.

In *Federal Practice and Procedure* (Wright and Miller) Section 2386 (Rule 42), it is said:

"Although it is usually said that consolidated actions do not lose their separate identity, a state court has reasoned very persuasively that they should be treated as a single action for purposes of Rule 54(b), and that a judgment in the consolidated cases that does not dispose of

all claims and all parties is appealable only if certified as that rule requires."

The cited case, *State ex rel. Pacific, etc. v. District Court, etc.*, 387 P. 2d 550 [Wyo.],[2] says at page 552:

"Rule 42, W.R.C.P., providing for the consolidation of actions and for the ordering of separate trials on any claim or issue, was intended to further the general objectives of the rules and to assist in the just, speedy, and inexpensive determination of litigation. Accordingly, any interpretation of that rule cannot ignore the right to appeal, the procedures necessary therefor, or the practical aspects of the final step in the administration of justice. It would be most illogical if the benefits of the permitted consolidation or separation in the trial court should be nullified prior to the final disposition of the litigation in the appellate court.

It is generally recognized that the provisions of Rule 54, W.R.C.P., are of importance in an interpretation of Rule 42. 2B Barron and Holtzoff, Federal Practice and Procedure, p. 186 (1961). Although the word 'consolidation' is used in different senses, 2B Barron and Holtzoff, Federal Practice and Procedure, p. 172 (1961), 1 C.J.S. Actions § 107, the type apparently employed here does not merge the suits into a single action so far as ultimate relief is concerned, but it must for the purposes of effective administration of justice consolidate them to such an extent that they may be handled as one upon the appeal where such effect has been given in the trial court. To that

---

2. The Wyoming Rules of Civil Procedure discussed in the cited case appear to have been numbered to conform with the Federal Rules and appear also to be substantially the same as Maryland Rules 503 and 605.

extent, cases such as the ones before us are within the purview of Rule 54(b), which permits the entry of a final and appealable judgment upon the express determination by the trial court that there is no just reason for delay. If this were not so, an appellate court might be called upon to review piecemeal numerous cases which were in the principal aspects identical and during such period the various parties interested in the litigation would be subject to much confusion in attempting to comply with the requisite steps in appeal. It is, of course, conceivable that there would be exceptional circumstances which might influence the trial court to certify that there was no cause for delay in entering the final judgment and thus permit an appeal, but the propriety of such an arrangement can best be determined by the court which tried the case."

We too find the language of the Wyoming Supreme Court persuasive. Its result accomplishes but a slight and, we think, reasonable and just extension of the rule announced in *Tedrow, supra.*

The motion to dismiss is denied.

> *Motion to dismiss denied.*
> *Costs to abide decision on the*
> *merits.*