BALTIMORE CONTRACTORS, INC. *v.* VALLEY
MALL ASSOCIATES ET AL.

[No. 1139, September Term, 1974.]

*Decided July 29, 1975.*

The cause was argued before POWERS, GILBERT and MELVIN, JJ.

*George W. McManus, Jr.,* with whom was *Philip O. Tilghman* on the brief, for appellant.

*Donald N. Rothman,* with whom was *Lawrence S. Greenwald* on the brief, for appellees.

MELVIN, J., delivered the opinion of the Court.

By written contract dated May 1, 1972, the appellant, Baltimore Contractors, Inc. (Baltimore) agreed to perform certain clearing, excavation and grading work on property owned by the appellees, Valley Mall Associates, et al. (Valley Mall) in Washington County consisting of approximately 70 acres. The property is surrounded by three highways, the grading of two of which (Nursery and Massey Boulevards) was included in the work to be performed by Baltimore. The contract provided for a lump sum payment of $475,000 for all work to be performed.

On May 4, 1972, Baltimore entered into a contract with Frank M. Sheesley Co. (Sheesley), apparently to perform the same work it had agreed to do for Valley Mall. There is no privity of contract between Sheesley and Valley Mall, Sheesley's status being that of a subcontractor.

On February 4, 1974, Baltimore filed a mechanics' lien against the property. On February 8, 1974, Valley Mall filed in the Circuit Court for Washington County, pursuant to Article 21, §9-106 of the Maryland Code (1973 Repl. Vol.[1]) and Maryland Rule BG75, a "Petition to Compel Defendant to Prove Validity of Mechanics' Lien and For Declaratory Judgment". The petition contains two counts. Count I recited, *inter alia*:

"4. On or about February 7, 1974, defendant filed a mechanics' lien upon certain property owned by

---

[1]. Now codified at Md. Ann. Code, Real Property Article, § 9-106.

plaintiffs in Washington County and known generally as Valley Mall Shopping Center. Said mechanics' lien is filed in Mechanics' lien Liber 7, folio 75, maintained among the mechanics' lien records of Washington County.

5. Plaintiffs deny the validity of the aforesaid mechanics' lien."

Count II of the petition concerns itself only with the merits of Baltimore's claim against it. It does not mention the mechanics' lien. It identified Baltimore's claim in two parts: 1) a claim for $425,922.05 "for allegedly extra grading and excavating costs arising out of the removal of rock found on the subject land, together with overhead, profit and interest", and 2) a claim for $91,361.00 as "balance due and owing under the prime contract, plus interest".

The petition admits Valley Mall's liability for a portion of the $91,361.00 claim and denies all liability for the $425,922.05, alleging "the contract was for a fixed price and plaintiffs did not agree to any change in amount for any additional grading and excavating by change order or otherwise".

In their prayer for relief Valley Mall, in addition to asking that the defendant be compelled to prove the validity of the mechanics' lien or have it declared void, sought a declaratory decree holding: a) that Valley Mall is not liable for Baltimore's claim for extra grading and excavating costs; and b) that Valley Mall is liable only for such portion of Baltimore's claim of "balance due and owing under the prime contract" as may be proved at trial.

On April, 5, 1974, Baltimore filed its Answer to the Petition stating it "does hereby intend that this proceeding, rather than duplicate proceedings, shall be considered also as [Baltimore's] bringing of a proceeding in equity to enforce its lien in fulfillment of the Annotated Code of Maryland's § 9-106." The Answer asserts the validity of its mechanics' lien.

With respect to Count II the Answer recites that

Baltimore's claim for $425,922.05 is being litigated in a suit "filed in the United States District Court for the District of Maryland for [by] Frank M. Sheesley Company vs the Petitioner [Valley Mall] and Baltimore Contractors, Inc." and prayed a continuance of the instant proceedings until final determination of the federal case.

On July 2, 1974, Valley Mall filed a motion for summary judgment citing as a basis therefor "that the lien at issue fails to meet the requirements of the Mechanics' Lien Law, Maryland Code, Art. 21, § 9-101 et seq., and therefore, should be dismissed". A hearing was held on the motion on January 9, 1975, and on January 28, 1975, the trial court filed an order, accompanied by its Memorandum Opinion, declaring the mechanics' lien "to be invalid and void and of no effect whatsoever". On January 29, 1975, Baltimore filed its appeal from that order to this Court. Thirteen minutes later on the same date the trial court filed a supplemental order denying Baltimore's previously filed motions for a continuance and leave to amend the mechanics' lien. Baltimore has also appealed from the supplemental order.

We conclude that the appeals must be dismissed as premature because of the provisions of Md. Rule 605 a.[2]

So far as the record reveals Count II of Valley Mall's Petition is still pending before the Circuit Court for Washington County. The basis for the motion for summary judgment and the trial court's ruling thereon dealt only with whether or not Baltimore's mechanics' lien met the technical requirements of the Mechanics' Lien Law of Maryland and

---

2. Md. Rule 605 a provides:

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

in no way disposed of or attempted to dispose of any of the issues presented by Count II. Those issues deal with the extent to which Valley Mall is *liable* to Baltimore, not with Baltimore's *security* for that liability.

As we see it, Valley Mall has presented in one action two distinct claims for relief which permit results that are not mutually exclusive. *See Diener Enterprises v. Miller,* 266 Md. 551, 556 (1972). The essence of the first claim (Count I) is that Baltimore's mechanics' lien is invalid and affords Baltimore no security for payment of *any* of its claims against Valley Mall. In its second claim for relief (Count II) Valley Mall seeks a declaration that, aside from the validity *vel non* of the mechanics' lien, it is not liable for the major portion of Baltimore's claim. Count I was decided by the trial court by its summary judgment order of January 28, 1975, declaring the mechanics' lien invalid; Count II is still unadjudicated. Under such circumstances, prerequisites to the immediate appealability of that order are that the trial judge make "an express determination that there is no just reason for delay" and that he expressly direct the entry of a final judgment as to Count I. Md. Rule 605a. As we said in *Leach v. Citizens Bank of Md.,* 17 Md. App. 391 (1973), quoting from *Tedrow v. Ford,* 260 Md. 142, 144 (1970), at 397:

> " 'Judge Miller's order for summary judgment contained neither an expressed determination that there was no just reason for delay nor an expressed direction for the entry of final judgment for costs against Tedrow. *The absence alone of these explicit directions by the trial court prevents the taking of an appeal at this time.'* " (Emphasis Supplied)

*See also Blocker v. Harlow,* 268 Md. 571 (1973), at 578 where the Court of Appeals said:

> "Under Rule 605 a, as we have previously indicated citing *Sears, Roebuck & Co. v. Mackey,* 351 U. S. 427, the trial judge is expected to be the 'dispatcher' and 'to determine, in the first instance, the appropriate time when each 'final decision'

upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal.' (Emphasis that of Mr. Justice Burton in *Sears.*) No such determination was made here. The order appealed from was not a final order nor does it fall within the category of interlocutory orders from which an appeal may be maintained. Therefore, the appeal must be dismissed. *Lang v. Catterton* and *Harlow v. Blocher,* both *supra. It is elementary that parties may not confer appellate jurisdiction by consent upon this Court or the Court of Special Appeals.* " (Emphasis Supplied)

As the issue of prematureness of the appeal was not raised by any of the parties, we must, *sua sponte,* recognize our lack of jurisdiction arising from the failure to comply with Rule 605 a and dismiss the appeal. *Diener Enterprises v. Miller,* supra, and *Greyhound Lines v. Alderson,* 23 Md. App. 224 (1974).

While we must dismiss the appeal as premature, we think it desirable to comment "for the guidance of the lower court" upon the posture of this case upon remand and, hopefully, "to avoid the expense and delay of another appeal to this Court". Md. Rule 1085. The last sentence of Rule 605 a makes it clear that in the posture of the case the summary judgment order of January 28, 1975, "is subject to revision at any time before the entry of judgment adjudicating all the claims". As mentioned earlier herein, Baltimore had filed a "Motion for Leave of Court to Amend Mechanics' Lien" before the summary judgment order of January 28, 1975.

In his "Supplemental Order" of January 29, 1975, the trial judge stated that he "did not give serious consideration to the request to amend because the Court is of the opinion that there is no way the claimant can amend this Mechanics' Lien to make it valid". For reasons already stated the merits of the case are not properly before us. We therefore express no opinion on the validity or invalidity of the Mechanics' Lien in question; nor do we venture to say whether, if presently invalid, it can be cured by amendment. We think,

however, that the trial judge should not have foreclosed Baltimore's attempt to do so.

Present Rule 320 c 1, adopted July 1, 1974, provides that "In any case tried before the court without a jury, any amendment may be made at any time *before a final judgment* or decree is entered". (Emphasis supplied) Thus, since there is no final judgment in the case and since the summary judgment is "subject to revision" there would seem to be no impediment to Baltimore's offering amendments when the case is remanded for further proceedings. Rule 320 d 5 provides that, "Amendments shall be freely permitted in order to promote justice". Rule BG72 provides that pleadings in an action to enforce a mechanics' lien may be amended pursuant to Rule 320. In the instant case, since the time within which the lien was required to be recorded has expired, any amendments offered may not increase the amount of the lien nor "materially alter the description of the property against which the lien claim was recorded". Rule BG72.

Real Property Article, § 9-110, provides:

> "This Law is remedial and shall be construed to give effect to its purpose. Any amendment shall be made in the proceedings, commencing with the claim or lien to be filed and extending to all subsequent proceedings, as may be necessary and proper. However, the amount of the claim or lien filed may not be enlarged by amendment".

Subject to the limitations contained in the above-quoted statute and applicable Rules, it is "difficult to imagine any more extensive power of amendment" than that allowed in proceedings concerning mechanics' liens. See *Real Estate Co. v. Phillips*, 90 Md. 515 (1900) at 525.

Under the circumstances, upon remand we think the trial judge should strike out the summary judgment order of January 28, 1975 and allow Baltimore a reasonable time to amend pursuant to Rule 320. After due consideration of any objections that may be made by Valley Mall to the

amendments, the court should then permit Valley Mall to renew its motion for summary judgment if it desires to do so. If the court is still of the opinion that the motion should be granted, the order granting the motion will be appealable if there has been compliance with Rule 605 a.

*Appeal dismissed; case remanded*
*for further proceedings.*
*Appellant to pay costs.*