388

553 A.2d 727

**Felicia W. COLLINS**

v.

**LITTON INDUSTRIES, et al.**

**No. 497, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

March 1, 1989.

Stephen L. Lefebvre, Germantown, for appellant.

Patricia Lisehora Kane, Rockville, for appellees.

Argued before BISHOP, ALPERT and ROBERT M. BELL, JJ.

BISHOP, Judge.

## FACTS

Felicia W. Collins appeals the denial of her motion for reconsideration by the Circuit Court for Montgomery County.

Appellant injured her back on two separate occasions: on October 10, 1985, while employed by the appellee, Litton Industries, Inc. (Litton), and on December 10, 1986, while employed by Popeye's Restaurant, owned by Marriott Corporation (Marriott).

Appellant filed claims against both employers with the Maryland Worker's Compensation Commission (WCC). Although the injuries occurred over one year apart there was a dispute whether the appellant's current injury and disability resulted from the first or the second accident. The commission held a consolidated hearing on October 20, 1987. Evidence was presented separately for each case and the commission issued separate orders. The commission awarded compensation to the appellant based on the injury received by the appellant on December 10, 1986 while employed by Marriott. In a separate order the commission found that the present disability of the claimant was not causally related to the accidental injury of October 10, 1985 while the appellant was employed by Litton. The result of these orders was to exonerate Litton from any responsibility for the present or current disability of the appellant.

Marriott filed a timely appeal to the Circuit Court for Montgomery County on December 30, 1987; however, appellant did not receive notice of the appeal until January 5, 1988, two days before the thirty day deadline. Appellant filed a response to Marriott's appeal and, in order to insure her recovery against at least one of the employers, on January 13, 1988, she filed a cross-appeal against Litton and moved to consolidate the cases. Litton moved to dismiss appellant's cross-appeal on the basis that it violated Maryland Rule B4a which provides that appeals from administrative agencies "shall be filed within thirty days from the date of the action appealed from." The court dismissed appellant's cross-appeal and, thereafter, appellant filed a Motion for Reconsideration and to Alter or Amend the order. After a hearing, this motion was denied.

The appellant presents the following questions for our review:

1) Whether a claimant who is asserting separate but identical claims for benefits against two different employers and whose claims are consolidated for hearing before the Workmen's Compensation Commission is an "other party" under Md.Rule B4 g. and entitled to file a cross appeal against an employer when the other employer files an appeal against the claimant.

2) Whether the circuit court erred in failing to find that there existed sufficient "cause to the contrary" under Md.Rule B5 to warrant denial of Litton's motion to dismiss.

3) Whether the claimant substantially complied with Md.Rule B4 g. and the circuit court erred in dismissing her appeal.

Appellee argues that because the appeal is from the Order of March 10, 1988, appellant has not preserved a right of review before this Court of the substantive issues raised in this appeal and that the only issue before us is whether the trial court abused its discretion in denying appellant's Motion for Reconsideration. For purposes of this opinion we will proceed as if the issues are properly before us.[1]

## 1 & 3

Appellant argues that the Commissioner's consolidation of her claims before the commission made them one for purposes of appeal, thereby allowing her to file a cross-appeal of the Litton case in Marriott's appeal. We disagree.

The appeal of the Litton case to the circuit court cannot be characterized as a cross-appeal under Maryland Rule B4g; but must be considered an original appeal under Rule B4a.[2] The Court, in *Yarema v. Exxon*, 305 Md. 219, 503

---

1. *See Newman v. Reilly,* 314 Md. 364, 550 A.2d 959, 968 (1988).

2. **Rule B4. Time for Filing.**
   a. *Within Thirty Days.*

A.2d 239 (1986), stated that consolidated actions are treated as separate for purposes of Rule 2–602, which requires that all claims be decided before there can be a final judgment and thereafter a proper appeal.[3] *Yarema* overruled two decisions from this court, *O'Connor v. Plotkins,* 32 Md. App. 329, 362 A.2d 95 (1976), and *Leach v. Citizens Bank,*

---

An order for appeal shall be filed within thirty days from the date of the actions appealed from, except that where the agency is by law required to send notice of its action to any person, such order for appeal shall be filed within thirty days from the date such notice is sent, or where by law notice of the action of such agency is required to be received by any person, such order for appeal shall be filed within thirty days from the date of the receipt of such notice.

. . . . .

g. *Appeal by Other Party—Within Fourteen Days*
If a timely order for appeal is filed by a party, any other party may file an order for appeal within 14 days of the date on which the first order for appeal was filed, or within the thirty day period set forth in subsection (a) whichever is later.

Because the cross-appeal was an original appeal, under Rule B4a, it is untimely because under that rule appellant would have had until January 7, 1988 to file her appeal. The appeal was not filed until January 13, 1988. Under Rule B4g, however, she would have had fourteen days from the date of Marriott's appeal, on December 30, 1987, i.e., January 13, 1988, to file a cross-appeal.

**3. Rule 2–602. JUDGMENTS NOT DISPOSING OF ENTIRE ACTION**

(a) **Generally.**—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claims, counterclaim, cross claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

(1) is not a final judgment;

(2) does not terminate the actions as to any of the claims or any of the parties; and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

(b) **When Allowed.**—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties; or

(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only.

(Amended Apr. 8, 1985.)

17 Md.App. 391, 302 A.2d 634 (1973). In both cases we denied motions to dismiss which were based on violations of Rule B4a, *supra.* In *Leach* we reasoned that the identical nature of the claims involved in the consolidated actions mandated that we treat them as one, for purposes of Rule 2–602, *Leach,* 17 Md.App. at 396, 302 A.2d 634.[4] In *Yarema* the Court of Appeals rejected this view and stated that the decisive factor in determining whether Rule 2–602 applies to consolidated actions is not the type of cases consolidated, but whether separate judgments are entered in them. *See Yarema,* 305 Md. at 237–38, 503 A.2d 239.

Extrapolating from the *Yarema* holding, and considering that one may appeal only a final judgment,[5] we conclude that whether consolidated actions are treated as one on appeal depends upon whether separate judgments were entered. The commission issued separate orders in these two cases. This required that they be treated as two separate cases on appeal.[6] Marriott's appeal did not bring Litton before the circuit court, in which event appellant would have been permitted to file a cross-appeal. Appellant's appeal against Litton was therefore an original appeal, and, as such, it was untimely under Rule B4a.

A second important consideration is that, under Rule B4c,[7] the appellant could have moved for an extension of time to file her appeal. Thus, even if the appellant's

---

**4.** In *O'Connor,* the issue was rendered moot by the appellee's response to the merits of the appeal. *See* 32 Md.App. at 339, 362 A.2d 95.

**5.** *See Sapero & Sapero v. Bel Air Plumbing and Heating Contractors,* 41 Md.App. 251, 257–58, 396 A.2d 317 (1979), holding that the right to appeal is activated by a court's entry of final judgment.

**6.** Our conclusion is also supported by Maryland Rule 8–401(a) (formerly Rule 1008) which provides in part that an appeal may be filed with or without the assent or joinder of co-plaintiffs, co-defendants, or other parties to the same case.

**7.** c. Time For Filing Application to Extend Time.
An application to extend the time for filing an order for appeal shall be filed within the time required by this Rule for the filing of an order for appeal.

argument is valid that she had insufficient time because she received notice of Marriott's appeal only two days before the thirty day period expired, Rule B4c provided her an adequate remedy.

Appellant's argument that "it would be most illogical if the benefits of the permitted consolidation at the Commission should be nullified by the failure to entertain both actions in a *de novo* appeal to the circuit court," is answered, *supra,* by our discussion of *Yarema* and its affect on our holdings in *O'Connor* and *Leach.*

■ The argument that appellant was not aggrieved and therefore had no reason to appeal the ruling against her in the Litton case is not supported by *Offutt v. Montgomery Co. Bd. of Ed.,* 285 Md. 557, 404 A.2d 281 (1979). *Offutt* at fn. 4, p. 564, 404 A.2d 281, provides that a party is not aggrieved if the judgment is in its *favor.* The ruling in *Litton* was *against* the appellant, not in her favor. She was a party aggrieved and had a right to appeal.

2

Md.Rule B5, Dismissal of Appeal, provides:

> If the appellant shall fail to file his order for appeal within the time prescribed by Rule B4 (Time for Filing) or any order issued pursuant thereto, or shall fail to file his petition within the time prescribed by section e of Rule B2 (How Appeal Taken), the court shall dismiss the appeal unless cause to the contrary be shown.

It is clear that Rule B5 gives the trial court a certain amount of discretion, since it empowers the court to "dismiss the appeal unless cause to the contrary is shown." There is no way that this Court can determine whether the trial court abused, or even used, its discretion in determining the lack of cause to the contrary in the case *sub judice,* since there is nothing in the record upon which we could base that determination. We exercise our discretion under Rule 8–604(d) and remand this case to the circuit court so

that the court may exercise the discretion provided by Rule B5.

CASE REMANDED IN ACCORDANCE WITH RULE 8–604(d) FOR FURTHER PROCEEDINGS; COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEES.